KEVENEY *v.* UNITED STATES (No. 42). GERMANIA IMPORTING Co. *v.* UNITED STATES (No. 52).[1]

FIGURED OR PLAIN, OR INLAID LINOLEUM.

A plastic material composed of cork and linseed oil when placed on a stencil over a burlap foundation and forced by pressure into separate and distinct bodies, in separate and distinct colors, in separate and distinct positions, and through to the base, constitutes inlaid linoleum and was dutiable as such under paragraph 337, tariff act of 1897.

United States Court of Customs Appeals, November 30, 1910.

APPEALS from decision of the Board of United States General Appraisers, G. A. 6951 (T. D. 30183).

[Affirmed.]

*John Giblon Duffy* (*Joseph G. Kammerlohr* of counsel) for appellants.
*D. Frank Lloyd*, Assistant Attorney General, for the United States.

Before MONTGOMERY, HUNT, SMITH, and BARBER, Judges.

MONTGOMERY, Presiding Judge, delivered the opinion of the court:

In each of these cases the importation was admittedly subject to duty under paragraph 337 of the tariff act of 1897, which reads as follows:

Oilcloth for floors, stamped, painted, or printed, including linoleum or corticene, figured or plain, and all other oilcloth (except silk oilcloth) under twelve feet in width not specially provided for herein, eight cents per square yard and fifteen per centum ad valorem; oilcloth for floors and linoleum or corticene, twelve feet and over in width, inlaid linoleum or corticene, and cork carpets, twenty cents per square yard and twenty per centum ad valorem. * * *

The merchandise in question consisted of linoleum, and the question is presented whether it was dutiable as figured or plain at 8 cents per square yard and 15 per cent ad valorem or as inlaid linoleum at 20 cents per square yard and 20 per cent ad valorem. The Board of General Appraisers held that it came under the latter designation, and the importer appeals.

There is no clear proof in the record as to whether there was an established commercial designation of goods answering the descrip-

[1] Reported in T. D. 31111 (19 Treas. Dec., 1239).

tion of those involved in this case at the time of the enactment of the tariff act of 1897, so that the question presented is whether the linoleum in question is shown to have been, as a matter of fact, inlaid linoleum.

The evidence shows the method of manufacture to be as follows: A plastic material composed of cork and linseed oil and another material, the nature of which is not disclosed, in different colors, is used. A stencil is then placed over the burlap foundation, the material of each color, the shape and figure of which are formed by the stencil, is applied, and after being so placed pressure is applied on the whole. The result of the several operations is that separate and distinct bodies and colors of the plastic material are put in separate and distinct positions, the separate portions of the linoleum in the different colors extend through to the base and give the same appearance as linoleum inlaid by the other process hereinafter described, with the exception that the line between the different colors is not as clear and distinct as it is in the case of linoleum inlaid by cutting out the figure from the previously applied background and filling the holes thus made with the desired color. In all other respects, however, the operation in the manufacture of the article under consideration is the same as that used in the other process referred to, and the result is a product differing very slightly from the other.

The contention of the importer is that the word "inlaid" implies that the separate substance should be laid in like mosaics, parquetry, etc. The definition given by the lexicographers is as follows:

Johnson:

Enlay—diversify with different bodies inserted into the ground or substratum.

Worcester:

Inlaid—diversified by the insertion of different bodies or substances.

Century:

Inlay—to lay or insert in something; fix into or upon something; as for ornamentation.

Murray:

Inlay—to lay or embed (a thing) in the substance of something else so that its surface becomes even or continuous with that of the matrix.

Standard:

Inlay—lay within or insert in something.

Webster:

Inlay—to set into the body of a surface or ground material; as to inlay arabesques; also, to pattern or adorn (a surface or ground) by the insertion of other material; as to inlay a panel with lilies; to adorn by inlaying, etc.

In Hunter *v.* United States (121 Fed. Rep., 207), relied upon by the importer, Judge Wheeler, in dealing with so-called granite linoleum, said:

"Inlaid" means laid into a definite space, as a separate part of the material of the structure; and the product is of a higher grade of manufacture, on which the higher duty appears to be laid.

This statement of Judge Wheeler does not relate to the manner in which the laying in should occur, as that question was not before the court. Nor do we conceive that that method should be controlling. It is the finished article which is made the subject of duty, and the method by which the result is obtained is immaterial. The process by which the material in question is made results in a substantial separation of the different colors and figures, and the actual laying in of the substance in different figures so that the inlaid substance extends through the whole thickness of the linoleum and can be worn down to the base without effacing or affecting the figure. We hold this to be, in the sense in which the term was employed in the tariff act, inlaid linoleum.

The case of United States *v.* Scott & West (104 Fed. Rep., 285; T. D. 28291), called the oak plank case, is relied upon by counsel for the importer. In that case the court said:

From the evidence it appears that at the time of the passage of the Dingley Act three kinds of linoleum were commonly known in the trade.

\*      \*      \*      \*      \*      \*      \*

(3) Inlaid linoleum, in which the pattern was produced by laying upon the burlap differently colored pastes according to the pattern desired, the same being forced into the burlap by pressure, as above stated. These differently colored pastes were laid upon the burlap in one of two ways: (*a*) By cutting out the figure from the previously applied background and filling the holes thus made with the desired color; or (*b*) by applying the several colors to the burlap with a stencil.

The court further said:

The manufacture of the goods in question is not that used in making plain, printed, or inlaid linoleum at the time of the passage of the Dingley Act, nor is it that used in the making of granite linoleum either before or afterwards. The United States has not shown that the importation is "inlaid linoleum" with respect to its method of manufacture.

The circuit judge, in the case cited, therefore very clearly distinguished the merchandise there under consideration from that which we are now considering.

The decision of the Board of General Appraisers is affirmed.

DE VRIES, Judge, having participated in the decision of the board, did not sit.